# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF MASSACHUSETTS

### AMENDED CHAPTER 13 PLAN COVER SHEET

| | | | |
|---|---|---|---|
| Filing Date: | 12/07/10 | Docket #: | 10-23244 |
| Debtor: | Dennis R Corriveau | Co-Debtor: | |
| SS#: | xxx-xx-0831 | SS#: | |
| Address: | 41 Riverfront Drive<br>Amesbury, MA 01913 | Address: | |

Debtor's Counsel:  Robert A. Prousalis, Esq. 640785

Address:  50 Salem Street
Bldg. B
Lynnfield, MA 01940

Telephone #:  781-246-2000

Facsimile #:  781-246-2101

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE.  THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS.  THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE OR HAVE RECEIVED A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341.  THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE THIRTY (30) DAYS TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF MASSACHUSETTS

### AMENDED CHAPTER 13 PLAN     Docket #  __10-23244__

DEBTORS:     (H)   __Dennis R Corriveau_____     SS#  __xxx-xx-0831_____

(W)   _____     SS#  _____

TERM OF THE PLAN   _____60_____   Months

(If the plan is longer than thirty-six (36) months, a statement of cause pursuant to 11 U.S.C. § 1322 (d) must be attached hereto.)

PLAN PAYMENT:  Debtor(s) to pay monthly: $  _____890.00_____

## I. SECURED CLAIMS

A. CLAIMS TO BE PAID THROUGH THE PLAN (INCLUDING ARREARS):

| Creditor | Description of claim (pre-petition arrears, purchase money, etc.) | Amount of claim |
|---|---|---|
| | | $ |

Total of secured claims to be paid through the Plan $  _____

B. CLAIMS TO BE PAID DIRECTLY TO CREDITORS (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| | |
| | |
| __Toyota Financial Services__ | __auto loan__ |

## II. PRIORITY CLAIMS

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| __Internal Revenue Service__ | Income Tax | 25,226.49 |
| __Massachusetts Dept. of Revenue__ | Income Tax    $ | 7,192.00 |

Total of priority claims to be paid through the plan $  _____32,418.49_____

## III. ADMINISTRATIVE CLAIMS

A. Attorneys fees (to be paid through the plan): $ __2,500.00__
     (to be paid in first 12 months of plan)

B. Miscellaneous fees:

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| __-NONE-__ | $ | |

C.    The chapter 13 trustee's fee is determined by order of the United States Attorney General. The calculation of the Plan payment set forth below utilizes a 10% trustee's commission. In the event that the trustee's commission is less than 10%, the additional funds collected by the trustee shall be disbursed to unsecured creditors up to 100% of the allowed claims.

## IV.  UNSECURED CLAIMS

The general unsecured creditors shall receive a dividend of ___24.33___ % of their claims.

A.  General unsecured claims:                                                                    $___54,008.51___

B.  Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of claim | Amount of claim |
|---|---|---|

Total of A + B general unsecured claims:            $ _____54,008.51____

C.  Multiply total by percentage of dividend:  $ ___13,141.51___
(Example:  Total of $38,500.00 x .22 dividend = $8,470.00)

D.  Separately classified unsecured claims (co-borrower/student loan, etc.) :

| Creditor | Description of claim | | Amount of claim |
|---|---|---|---|
| -NONE- | | $ | |

Total amount of separately classified claims payable at ____%          $ _____0.00

## V.  OTHER PROVISIONS

A.  Liquidation of assets to be used to fund plan:

B.  Modification of Secured Claims: Set forth details of modifications below or on attached sheets. This information should include name of creditor and detailed explanation of the modification. The total amount of the secured claim that is to be paid through the plan (inclusive of interest) should be set forth in Section I of this Plan.

| Creditor | Modification |
|---|---|
| -NONE- | |

C.  Miscellaneous provisions:

**This is a 'pot' plan, in which the total of all payments in respect of unsecured creditors is a constant amount, from which holders of allowed priority and administrative claims and persons entitled to recover administrative expenses as provided herein shall be paid 100%. The Trustee shall distribute the balance ratably amongst holders of other allowed unsecured claims. The percentage dividend stated in this plan is an estimate based on claims currently known to the Debtor(s) and does not govern the amount of payments to general unsecured creditors. General unsecured creditors are advised that they may receive more or less than the percentage dividend stated in this plan and that payments to them may decrease over the life of the plan due to allowance of administrative expenses.**

## VI. CALCULATION OF PLAN PAYMENT

| | | |
|---|---|---:|
| a. Secured claims  (Section I-A Total): | $ | 0.00 |
| b. Priority claims  (Section II Total): | +$ | 32,418.49 |
| c. Administrative claims  (Section III A + B Total): | +$ | 2,500.00 |
| d. General unsecured claims  (Section IV-C Total): | +$ | 13,141.51 |
| e. Separately classified unsecured claims   (Section IV-D Total): | +$ | 0.00 |
| f. Total of (a) through (e) above: | =$ | 48,060.00 |
| g. Divide (f) by .90 for total including Trustee's fee:      Cost of Plan | =$ | 53,400.00 |

(This represents the total amount to be paid into the chapter 13 plan)

| | | |
|---|---|---:|
| h. Divide (g) Cost of Plan by Term of plan: | | 60  months |
| i. Round up to nearest dollar:     Monthly Plan Payment: | $ | 890.00 |

(Enter this amount on page 1)

Pursuant to 11 U.S.C. § 1326(a) (1), unless the Court orders otherwise, a debtor shall commence making the payments proposed by a plan within thirty (30) days after the plan is filed.

## LIQUIDATION ANALYSIS

I.  Real Estate:

| Address | Fair Market Value | Recorded Liens (Schedule D) |
|---|---|---|
| **Single Family Home**<br>**41 Riverfront Drive**<br>**Amesbury, MA 01913** | $            463,500.00 | $            523,140.65 |

| | | |
|---|---|---:|
| Total Net Equity for Real Property: | $ | 0.00 |
| Less Exemptions (Schedule C): | $ | 0.00 |
| Available Chapter 7: | $ | 0.00 |

II.  Automobile (Describe year, make and model):

| | | | | |
|---|---|---|---|---|
| **2001 Dodge Ram 1500 Sport**<br>**Location: 41 Riverfront Drive,**<br>**Amesbury MA 01913** | Value $      1,000.00 | Lien $  .       0.00 | Exemption $ | 1,000.00 |
| **2006 Toyota Sequoia**<br>**Location: 41 Riverfront Drive,**<br>**Amesbury MA 01913** | Value $      10,475.00 | Lien $      8,260.00 | Exemption $ | 3,450.00 |

| | |
|---|---|
| Net Value of Equity: | $ 3,215.00 |
| Less Exemptions (Schedule C): | $ 3,215.00 |
| Available Chapter 7: | $ 0.00 |

III.  All Other Assets (All remaining items on Schedule B):   (Itemize as necessary)

Value:$            3,351.15          Less Exemptions  (Schedule C): $            3,351.15
Available Chapter 7: $            0.00

SUMMARY (Total amount available under Chapter 7):

Net Equity (I and II) Plus Other Assets (III) less all claimed exemptions:  $            0.00

Additional Comments regarding Liquidation Analysis:

Pursuant to the Chapter 13 rules, the debtor or his or her counsel is required to serve a copy of the Amended Plan upon the Chapter 13 trustee, all creditors and interested parties, and to file a certificate of service accordingly.

| | |
|---|---|
| /s/ Robert A. Prousalis, Esq. | October 26, 2011 |
| Robert A. Prousalis, Esq. 640785 | Date |
| Debtor's counsel | |
| Address:     50 Salem Street | |
| Bldg. B | |
| Lynnfield, MA 01940 | |
| Telephone #:   781-246-2000 Fax:781-246-2101 | |

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

Date  October 26, 2011          Signature  /s/ Dennis R Corriveau

Dennis R Corriveau

Debtor

# United States Bankruptcy Court
## District of Massachusetts

In re   Dennis R Corriveau _____   Case No.   **10-23244** _____

_____ Debtor(s)   Chapter   **13** _____

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2011, a copy of AMENDED CHAPTER 13 PLAN  was served
electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below
(see attached address list).

Capital One
Capital One
Capital One
Citimortgage, Inc.
GEMB/ State Street
GEMB/Lowes
Jeff Corbett, Dentist
Merrimack Landing Homeowners' Assoc.
Saugus FCU
Saugus Federal Credit Union
The Home Depot
Toyota Financial Services
Verizon New England Inc

/s/ Robert A. Prousalis _____
**Robert A. Prousalis, Esq. 640785**
**Prousalis & Papantonakis, PC**
**50 Salem Street**
**Bldg. B**
**Lynnfield, MA 01940**
**781-246-2000Fax:781-246-2101**
**bob@proandpaplaw.com**

```
Capital One
PO Box 30285
Salt Lake City, UT 84130-0285

Citimortgage, Inc.
PO Box 689196
Des Moines, IA 50368-9196

GEMB/ State Street
PO BOX 981439
El Paso, TX 79998

GEMB/Lowes
PO BOX 981400
El Paso, TX 79998

Jeff Corbett, Dentist
Lynnfield Medical Building
1 Post Office Square
Lynnfield, MA 01940

Merrimack Landing Homeowners' Assoc.
c/o Richard A. Fournier
18 Riverfront Drive
Amesbury, MA 01913-4500

Saugus FCU
509 Main ST
Saugus, MA 01906

Saugus Federal Credit Union
448 Lincoln Avenue
Saugus, MA 01906

The Home Depot
P. O. Box 6497
Sioux Falls, SD 57117

Toyota Financial Services
PO Box 17187
Baltimore, MD 21297-0511

Verizon New England Inc
500 Technology Dr
Saint Charles, MO 63304
```